**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Joseph Dumont and Kathleen Ann Dumont,<br><br>　　　　　Appellants,<br><br>vs.<br><br>HSBC Mortgage Corporation, USA, Federal National Mortgage Association and Lender Processing Services, Inc.,<br><br>　　　　　Appellees. | No. CV-11-1161-PHX-GMS<br><br>BK No. 2:10-BK-29498<br>Adv. No. 2:10-AP-02323<br><br>**ORDER** |

Pending before the Court is Debtors' Appeal from the U.S. Bankruptcy Court's Order Granting Motions to Dismiss First Amended Complaint with Prejudice entered on May 10, 2011 (Doc. 1 at 5–6). After reviewing the pleadings and record excerpts submitted for purposes of this appeal, and having determined that oral argument is unnecessary,[1] the Court affirms the Bankruptcy Court's judgment as discussed below.

**BACKGROUND**

On May 30, 2007, Appellants Raymond and Kathleen Dumont borrowed $412,500 to purchase real property (the "Property") in Phoenix, Arizona. In connection with this

---

[1] Appellees' request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence, and oral argument will not aid the Court's decision. See *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

purchase, Appellants executed a Deed of Trust and a Promissory Note. The Deed of Trust designated Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary to the interests granted by Plaintiffs in the Deed of Trust. Effective January 21, 2010, MERS assigned its beneficial interest in the Deed of Trust to Appellee HSBC Mortgage Corporation, USA. On January 27, 2010, HBSC designated Michael A. Bosco as successor trustee. On February 3, 2010, Bosco recorded a Notice of Trustee's Sale, scheduling the Property for foreclosure. On May 4, 2010, the Dumonts filed a 55-page complaint (the "Prior Complaint") in Maricopa County Superior Court alleging seven causes of action against HSBC, MERS, and Bosco and seeking to enjoin the foreclosure. The action was removed to the U.S. District of Arizona on May 21, 2010. One week later, HSBC and MERS moved to dismiss the Prior Complaint for failure to state a claim. On August 2, 2010, the District Court granted HSBC and MERS's motion to dismiss and entered judgment against the Dumonts. *See generally Dumont v. HSBC Mortg. Corp., USA,* 2010 WL 3023885 (D. Ariz. Aug. 2, 2010).

On August 4, 2010, the Property was sold via trustee's sale to the Federal National Mortgage Association ("Fannie Mae") as evidenced by a Trustee's Deed Upon Sale. On September 15, 2010, the Dumonts filed for Chapter 7 bankruptcy, and a Chapter 7 trustee was appointed. In that filing, the Dumonts listed the Property as an asset in Schedule A and identified HSBC in Schedule D as a creditor with a disputed secured claim against the property. On December 23, 2010, the Dumants filed the bankruptcy court complaint at issue in the instant action against HSBC, Fannie Mae, and Lender Processing Services. Appellants subsequently filed a First Amended Complaint. The Amended Complaint brings four causes of action against Appellees and seeks to have the sale of their Property to Fannie Mae declared void, alleging that Fannie Mae was not a bona fide purchaser of the property and did not pay any consideration at the trustee's sale. On March 5, 2011, the Bankruptcy Court granted HSBC, Fannie Mae and Lender Processing Services' motions to dismiss the Amended Complaint, holding that the Dumonts 1) lack standing to file their complaint because their claims are now "property of the bankruptcy estate and have not been

- 2 -

1 abandoned by the Chapter 7 trustee"; and 2) "are barred by the doctrine of *res judicata* from
2 asserting the claims" because of the U.S. District Court's August 2010 dismissal of the same
3 claims. (Doc. 1 at 6). The Dumonts now appeal the Bankruptcy Court's dismissal of their
4 complaint.

**DISCUSSION**

**I.     Legal Standard**

Under 29 U.S.C. § 158(a)(1), the Court has jurisdiction over appeals from "final judgments, orders, and decrees" of bankruptcy judges. The Court reviews a bankruptcy court's conclusions of law *de novo*, and its findings of fact under the clearly erroneous standard. *Greene v. Savage*, 583 F.3d 614, 618 (9th Cir. 2009); Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."). The clearly erroneous standard requires the Court to accept a bankruptcy court's findings of fact "unless these findings leave the definite and firm conviction that a mistake has been committed by the bankruptcy judge." *See Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004) (citing *In re Banks*, 263 F.3d 862, 869 (9th Cir. 2001)). The Court must review the evidence on record in the light most favorable to the prevailing party. *Lozier v. Auto Owners Ins. Co.*, 951 F.2d 251, 253 (9th Cir. 1991).

**II.    Legal Analysis**

Appellants do not raise the issue of the Bankruptcy Court's standing determination in their opening brief.[2] (*See* Doc. 21). Consequently, the Court need not revisit the Bankruptcy Court's determination that Appellants lack standing to bring the claims in their Amended Complaint. *See U.S. v. Montoya*, 45 F.3d 1286, 1300 (9th Cir. 1995) ("Issues not 'specifically and distinctly raised and argued' in the opening brief need not be considered by the court.") (citing *Officers for Justice v. Civil Serv. Comm'n*, 979 F.2d 721, 726 (9th

---

[2] In addition, Appellants did not file a reply brief in which they might have contested Appellees' assertion that Appellants lack standing.

- 3 -

1   Cir.1992)); *Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.
2   1985). ("[W]e will not ordinarily consider matters on appeal that are not specifically and
3   distinctly raised and argued in appellant's opening brief."). Even had Appellants disputed the
4   Bankruptcy Court's standing determination, however, the Bankruptcy Court did not err in
5   determining that the claims asserted by Appellants Raymond and Kathleen Dumont are
6   property of the bankruptcy estate and therefore that Appellants lack standing to file the
7   Amended Complaint.

8   Filing a bankruptcy petition creates an estate consisting of "all legal and equitable
9   interests of the debtor in property at the commencement of the case." *Cusano v. Klein*, 264
10  F.3d 936, 945 (9th Cir. 2001) (quoting 11 U.S.C. § 541(a)). "[T]he bankruptcy code endows
11  the bankruptcy trustee with the exclusive right to sue on behalf of the estate." *Estate of*
12  *Spirtos v. One San Bernardino Cty. Superior Court Case,* 443 F.3d 1172, 1176 (9th Cir.
13  2006). Accordingly, "debtors lose the capacity to sue in their own name unless the trustee
14  abandons the claim." *Sherman v. Wells Fargo Bank, N.A.*, 2011 WL 1833090, at *4  (E.D.
15  Cal. May 12, 2011) (citing *Estate of Spirtos*, 443 F. 3d at 1175).

16  There are three sets of circumstances under which property may be considered
17  abandoned: (1) where the Bankruptcy Court expressly declares such property abandoned; (2)
18  where the bankruptcy trustee expressly abandons the property "[a]fter notice and a hearing";
19  or (3) where the property is "not otherwise administered *at the time of the closing of a case*."
20  11 U.S.C. § 554(a)–(d) (emphasis added). Appellants have never asserted that the
21  Bankruptcy Court expressly declared their claim against Appellees abandoned, nor that the
22  trustee abandoned this property right after notice and a hearing. Appellants argued in the
23  Bankruptcy Court that the trustee "declined taking the property as part of the estate." (Doc.
24  33, Ex. I at 11). To the extent, however, that this could be characterized as an assertion that
25  the property was "not otherwise administered," such assertion was made during the
26  bankruptcy proceeding and therefore, by definition, prior to the "closing of the case." *See* 11
27  U.S.C. § 554(c). That the trustee may have evidenced an intent to abandon the property does
28  not, prior to the closing of the case in bankruptcy court, constitute actual abandonment. *See*

*In re Reed*, 940 F.2d 1317, 1321 (9th Cir. 1991) ("Although filing [by the trustee of] a 'No Asset' report may exhibit the requisite intent to abandon an asset, that report in and of itself cannot result in abandonment unless the court closes the case."). And unless and until the property is abandoned, Appellants lack standing to assert any such property right against Appellees. In short, because property is not considered abandoned under § 554(c) until *after* the closing of the bankruptcy case, the very fact that Appellants brought their claims *during* their bankruptcy proceedings precludes them from claiming abandonment under subsection (c). *See* 11 U.S.C. § 554(c). Accordingly, the Bankruptcy Court did not err in its determination that Appellants lacked standing to file the Amended Complaint. This alone is fatal to their appeal.

## CONCLUSION

As discussed above, the Bankruptcy Court's decision is affirmed.

**IT IS THEREFORE ORDERED** that the Bankruptcy Court's Order Granting Motions to Dismiss First Amended Complaint (Doc. 1 at 5–6) is **AFFIRMED**.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this action.

DATED this 31st day of January, 2012.

*signature*

G. Murray Snow
United States District Judge